Robert T. Quirk et al., Plaintiffs *v.* Schuylkill County Municipal Authority et al., Defendants.

Argued September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

No appearance for plaintiffs.

*Frank L. Tamulonis, Zimmerman, Lieberman & Derenzo,* for defendant, Schuykill County Municipal Authority.

*Leroy G. Adams, Lipkin, Marshall, Bohorad & Adams, P.C.,* for defendant, Crown American Corporation.

*Kenneth B. Kauffman,* Assistant Attorney General, with him *Harvey Bartle, III,* Acting Attorney General, for defendant, Commonwealth of Pennsylvania.

OPINION BY JUDGE WILKINSON, JR., November 20, 1980:

The Court of Common Pleas of Schuykill County transferred to the Commonwealth Court's docket an amended complaint in equity against the defendants Schuykill County Municipal Authority (Municipal Authority), the Crown American Corporation (Crown) and the Commonwealth of Pennsylvania, challenging the transfer of a tract of land in Schuykill County from the Municipal Authority to Crown. The land transferred by the Municipal Authority was purchased with financial assistance under the Project 70 Land Acquisition and Borrowing Act (Project 70 Act), Act of June 22, 1964, Special Sess., P.L. 131, 72 P.S. §3946.1 et seq. By the Act of April 18, 1978 (Act 1978-32), P.L. 64, the General Assembly approved the transfer of the tract to Crown in exchange for a parcel of land containing the Mud Run Dam.

The amended complaint alleges that Act 1978-32 violated certain provisions of the Pennsylvania Constitution, most notably Article I, Section 27, and requests this Court (1) to set aside and declare void the deed from the Municipal Authority to Crown and to order Crown to reconvey the tract to the Municipal

Authority, (2) to enjoin the Municipal Authority from conveying to third parties any part of the tract, (3) to declare Act 1978-32 unconstitutional and void, (4) to enforce the penalties and equitable remedies set forth in Section 20 of the Project 70 Act, 72 P.S. §3946.20, against the Municipal Authority, and (5) to order the Municipal Authority to comply with the Project 70 Act in all other respects regarding the subject parcel.

Presently before the Court are defendants' preliminary objections raising, inter alia, the questions of lack of standing and an adequate remedy at law.

Section 20 of the Project 70 Act provides in pertinent part:

(b) No lands acquired with funds made available under this act shall be disposed of or used for purposes other than those prescribed in this act without the express approval of the General Assembly. . . .

. . . .

(d) Should the provisions of this act as they are applicable to the political subdivisions of the Commonwealth be wilfully violated, it shall be the duty of the governing body of said subdivision or of its successor to reimburse the Commonwealth in the amount of the aid rendered to it by the Commonwealth in the acquisition of the land in question plus six per cent interest compounded semi-annually from the date of receipt of said aid until the date of said reimbursement. Such reimbursement shall be paid by the State Treasurer into the Acquisition Fund if said fund is still active, or if such is not the case, into the Project 70 Land Acquisition Sinking Fund.

(e) The Commonwealth of Pennsylvania may specifically enforce the provisions of this requirement by application to a court of equity

or may invoke other remedies deemed appropriate under the circumstances.

This Court cannot envision a more "express approval of the General Assembly" than that provided by Act 1978-32. Further, when any violation of the Project 70 Act occurs, the Commonwealth is the only party authorized to enforce the requirements of Section 20(d). "[E]quity has no jurisdiction to inquire into a controversy where to do so would obviate a statutory procedure provided by the Legislature for its resolution." *Commonwealth v. Glen Alden Corp.*, 418 Pa. 57, 59, 210 A.2d 256, 258 (1965).

This Court can find no basis for declaring Act 1978-32 violative of Article I, Section 27 of the Pennsylvania Constitution. Indeed, its submission and passage by the legislature and its signing by the Governor were in express exercise of their duties under that section and article of the Constitution.

Accordingly, we will enter the following

ORDER

AND Now, November 20, 1980, the defendants' preliminary objection in the nature of a motion to dismiss the amended complaint as being improperly in equity is sustained. The amended complaint in the above captioned case is dismissed.