Robert N. Humphreys et al., Appellants *v.* James P. Cain et al., Appellees.

Argued May 1, 1984 before President Judge CRUM-LISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE, BARRY and COLINS.

*Robert X. Medonis,* for appellants.

*Edwin L. Klett,* with him, *Robert L. Byer, Eckert, Seamans, Cherin & Mellott,* for appellees.

OPINION BY JUDGE DOYLE, June 12, 1984:

This is an appeal by Robert N. Humphreys and others[1] (Appellants) from a final decree dismissing

---

[1] The additional Appellants of record are: Barbara Humphreys, John R. Thomas, Constance B. Thomas, Harrison G. Thomas, W. H. Rowles, Ruth E. Rowles, M. E. Broderick, Martha A. Broderick, Vincent P. Sweeney, Gladys Sweeney, W. Milton Danver, Barbara Evans Danver, Jeremiah W. O'Brien, Elizabeth P. O'Brien, Philip E. Schneider, Joan G. Schneider, William D. West, Candace F. West, John F. Oyler, Nancy L. Oyler, Clare B. McDermott, Eleanor H.

exceptions to a decree nisi entered by the Court of Common Pleas of Allegheny County.

Appellants are taxpayers and landowners in the Municipality of Mt. Lebanon, Pennsylvania (Mt. Lebanon) who wish to preserve the Thomas A. Bird, Jr. Park (Bird Park) in its undeveloped natural state. Bird Park encompasses a total area of approximately forty-two acres, twenty-five acres of which were purchased with funds acquired under the Project 70 Land Acquisition and Borrowing Act[2] (Project 70 Act).

On May 9, 1983, the Commissioners of Mt. Lebanon enacted Ordinance 2727 providing for the appropriation of funds for construction of a multi-purpose athletic field in a portion of the park included within the twenty-five acres purchased with Project 70 funds. Appellants filed a complaint in equity on June 29, 1983 raising various procedural objections to the enactment of Ordinance 2727.[3] The complaint also alleged that the proposed athletic field would violate the Project 70 Act and Mt. Lebanon was therefore prohibited from developing Bird Park solely for recreational use. The complaint further alleged that, because of its previous actions, Mt. Lebanon should be estopped from disturbing the Park's undeveloped natural state.

Appellants moved for a preliminary injunction and, following a hearing on the matter, the Court of Common Pleas of Allegheny County entered an order enjoining municipal officials from disturbing the

McDermott, Robert D. Mincin, Lynn M. Mincin, Paula P. Gerstenberger, James H. Frear, III, Frances C. Frear, Robert F. Henninger, Jr., Laurie R. Henninger, Lawrence J. Kennedy, Marie Kennedy, Walter H. Bollinger, James B. Fanning, Joan W. Fanning, Robert V. Flint, George M. Nicholson, Robert L. Wells, and Kathleen Banks.

[2] Act of June 22, 1964, Special Sess., P.L. 131, 72 P.S. §§3946.1 through 3946.22.

[3] The procedural objections to the enactment of the ordinance are not raised in this appeal.

physical characteristics and natural state of the park. Trial was held on the merits, and on February 28, 1984 the court of common pleas filed an adjudication and entered a decree nisi finding Mt. Lebanon's actions to be lawful, denying the request for a permanent injunction, dismissing the complaint, and dissolving the preliminary injunction.[4]

Appellants filed exceptions to the decree[5] and requested leave to file additional exceptions following receipt of the trial transcript. The court granted leave to file additional exceptions after receipt of the transcript if the transcript were required. Argument on the exceptions was heard, additional exceptions were filed by leave of court at that time, and leave to file additional amended exceptions and to postpone argument until after receipt of the transcript was denied. On March 12, 1984, the court of common pleas dismissed Appellants' exceptions and directed entry of a final decree. This appeal followed.[6]

Before this Court, Appellants argue that the court of common pleas committed errors of law in interpreting the Project 70 Act, in concluding that Appellants lacked standing, and in concluding that it was not bound by earlier statements of law in the case. Appellants also allege error in the admission of evidence

---

[4] The grant of the preliminary injunction was appealed to this Court but the appeal was discontinued by leave of Court after the court of common pleas resolved the case on its merits and dissolved the injunction.

[5] Appellants first filed a motion for stay requesting that the court of common pleas continue the injunction pending further proceedings; the motion was denied. Appellants thereafter presented a motion for stay to this Court, which, by Judge BARRY, quashed the appeal as interlocutory.

[6] A motion for stay was presented to this Court with the appeal and was granted by Judge BARRY on March 19, 1984. Our disposition of this appeal on its merits dissolves the stay and renders moot an application to vacate the stay filed by Appellees subsequent to argument.

and in refusing to apply the doctrine of estoppel against Mt. Lebanon. Finally, error is alleged in the court's refusal to continue argument on the exceptions until a transcript could be obtained. We will address Appellants' arguments in reverse order.

Appellants contend that the court of common pleas denial of their motion to continue argument until a transcript could be filed constituted a deprivation of due process. The argument is entirely without merit. The court of common pleas clearly has discretion to refuse to extend the time for filing post trial exceptions under Pa. R.C.P. No. 227.1 and to refuse a continuance of argument on those exceptions. Appellants have cited no authority to the contrary and have directed us to no portion of the transcript which would have made a difference in the presentation or argument of their exceptions.

The argument that the court of common pleas erred in refusing to apply the doctrine of estoppel is similarly without merit. The doctrine of estoppel may be applied to a government entity if it has intentionally or negligently induced justifiable reliance on its action or statement. *See Hauptmann v. Department of Transportation,* 59 Pa. Commonwealth Ct. 277, 429 A.2d 1207 (1981). The record in this case evidences no justifiable reliance on the representations cited by Appellants that Bird Park would be kept in a natural or undisturbed state. Appellants rely on proposals included in Mt. Lebanon's capital improvement plan to develop Bird Park as a nature area. This they cite as the source of municipal representations which generated common knowledge that the municipality intended to retain Bird Park in its natural state. Appellants cite no statement or representation by a municipal official directly relied on in purchasing property adjacent to the Park, only reliance on this commonly accepted belief. Nor does the record indicate that any

of the Appellants made inquiry of municipal officials when contemplating the purchase of nearby property.

Appellants also contend that the court of common pleas erred in admitting into evidence certain of the municipality's exhibits over objection. Our examination of the record reveals that the exhibits were admissible as self-authenticating documents under Sections 6103 and 6104 of the Judicial Code, 42 Pa. C. S. §§6103-04. The record shows that the exhibits were offered in compliance with §§6103-04 in that each was accompanied by a certificate attesting to its authenticity and executed by the custodial official.

Appellants, in addition, argue that the court of common pleas chancellor who presided over the hearing on the request for a permanent injunction was bound by the rulings on the merits made in the proceedings which resulted in the preliminary injunction. The argument flies in the face of long-standing law in this Commonwealth. "The preliminary injunction concludes no rights and is a final adjudication of nothing." *Romano v. Loeb,* 326 Pa. 272, 275, 192 A. 100, 102 (1937), *citing Paxson's Appeal,* 106 Pa. 429 (1884) ; *see also, Casinghead Gas Co. v. Osborn,* 269 Pa. 395, 112 A. 469 (1921). The earlier determination by the court that Appellants had standing and that the proposed development of Bird Park violated the Project 70 Act were determinations directed toward preserving the status quo pending a final determination on the merits, *see Paxson's Appeal,* and were not binding on the chancellor in the hearing on the permanent injunction.

Nor do we find error in the chancellor's conclusion that Appellants lacked standing to sue for an alleged violation of the Project 70 Act. The question was decided in *Quirk v. Schuylkill County Municipal Authority,* 54 Pa. Commonwealth Ct. 619, 422 A.2d 904 (1980), where we held that the Commonwealth was

182

the only party authorized to enforce the Act and equity would not intervene. *Id.* Had the chancellor determined that Appellants *had* standing, we would be compelled to reverse. In addition we point out that Appellants did not raise any objection to the chancellor's determination on standing in their post trial filings. Although the issue was raised in the brief in support of Appellants' exceptions, we do not find this sufficient to preserve the matter for appellate review. *See Estate of Rose,* 465 Pa. 53, 64-65, 348 A.2d 113, 118-19 (1975).

Finally, we believe the chancellor's interpretation of the Project 70 Act to allow the proposed development was correct. The declaration of policy in the Act states, in pertinent part:

> (5) The Commonwealth of Pennsylvania must act to acquire and to assist local governments to acquire lands that are available and appropriate for such purposes so that they and the lands previously dedicated to recreation, conservation and historical use may be so preserved.

Section 2 of the Act, 72 P.S. §3946.2(5). And Section 18 of the Act, 72 P.S. §3946.18 provides, in part:

> (c) Lands to be acquired by any political subdivision shall be such that they may be utilized for recreation, conservation and historical purposes, and contribute to meet the recreation or conservation needs of the community.

Appellants urge that the phrase "recreation, conservation and historical purposes" must be read in the conjunctive as a requirement that Project 70 land must be used for all three purposes and development for a single recreational use is therefore prohibited. The argument does violence to the express language of the statute and suggests that the General Assembly intended an absurd result.

First, we point out that the Act defines "Recreation and historical purposes" as a single concept meaning:

> [A]ny use of land for public park, fishing, hunting, boating, open space purposes or scenic sights or preservation of sites of historical significance, or for any related public outdoor recreation or historical purpose.

Section 3 of the Act, 72 P.S. §3946.3(1). The legislature did not, therefore, contemplate "recreation" and "historical" purposes as distinct uses of land which must *both* be pursued on Project 70 land.

Second, we note that Section 3 of the Act defines "Conservation purposes" as:

> [A]ny use of land for water supply, flood control, water quality control development, soil erosion control, reforestation, wild life [sic] reserves or any other uses that will maintain, improve or develop the natural environment of soil, water, air, minerals or wild life [sic] of this Commonwealth so as to assure their optimum use.

72 P.S. §3946.3(2). The active use of land for recreation encouraged in the definition of "recreation" quoted above could very well be inconsistent with the conservation of the land; we do not believe the legislature could have intended that Project 70 land *must* be dedicated to *both* inconsistent uses.

Consequently, we find no error in the decision of the court of common pleas dissolving the preliminary injunction and dismissing Appellants' exceptions. Accordingly, we affirm.

### ORDER

Now, June 12, 1984, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated March 12, 1984, is hereby affirmed.