Commonwealth of Pennsylvania, State Ethics Commission, Petitioner *v.* William Lake Landauer, et al., Respondents.

Heard May 17, 1985, before Senior Judge BLATT.

*John J. Contino,* for petitioner.

*Walter Schaffhauser,* for himself, respondent.

*Michael K. Worrall,* for himself, respondent.

*Linda Wallach Miller,* for respondent, Albert Ingetti.

OPINION BY JUDGE BLATT, July 3, 1985:

The State Ethics Commission (Commission) filed a Petition for Review addressed to this Court's original jurisdiction, seeking, *inter alia,* to have the individual respondents[1] declared ineligible as winners in the May 21, 1985 primary elections. The reason ad-

---

[1] Subsequent to the filing of this action, the Commission moved to discontinue proceedings as to a number of respondents concerning whom it determined that proceedings were inappropriate because, *e.g.* they had filed in time to permit meaningful local review or because they were not subject to the Act's provisions. We saw no reason to deny this request, and, therefore, ordered the proceedings discontinued as to those persons.

vanced in support of this Petition was that the respondents had failed to comply with the provisions of Section 4 of the Act of October 4, 1978, P.L. 883, 65 P.S. §404 (Act), which concerns the filing of financial interest statements with the Commission by candidates for public office.

A hearing was held in this matter on May 17, 1985, at which the following respondents appeared either in person or through an attorney: Respondent Ingetti, Respondent Schaffhauser and Respondent Worrall. The remaining respondents, despite personal notice of these proceedings, were neither present at the hearing nor were they represented by counsel.

Pursuant to Section 4 of the Act, every candidate for public office must file a statement of financial interest with the Commission prior to submitting a nomination petition. 65 P.S. §404(b).[2] A candidate's failure to comply with the Act's requirements prohibits the candidate from taking the oath of office, undertaking its duties or receiving compensation for service in the office from public funds, 65 P.S. §404 (d).[3] The legislative purpose of the Act, of course, is to provide full financial disclosure by public officials

---

[2] 65 P.S. §404(b) provides:

    (b) Each candidate for public office shall file a statement of financial interests for the preceding calendar year with the commission prior to filing a petition to appear on the ballot for election as a public official. A petition to appear on the ballot shall not be accepted by an election official unless the petition includes an affidavit that the candidate has filed the required statement of financial interests with the commission.

[3] 65 P.S. §404(d) provides:

    (d) No public official shall be allowed to take the oath of office or enter or continue upon his duties, nor shall he receive compensation from public funds, unless he has filed a statement of financial interests with the commission as required by this act.

so as to avoid conflicts of interest and thereby to re-affirm citizens' confidence in the integrity of those officials, *State Ethics Commission v. Baldwin,* 498 Pa. 255, 445 A.2d 1208 (1982).

The Commission introduced evidence at the hearing that each respondent here concerned had filed a nomination petition as a candidate for local office in the May 21, 1985 primary election. None of these respondents, however, had filed a statement of financial interest with the Commission as of that time, nor had any done so at any time prior to the commencement of the instant action, notwithstanding the requirements of the Act that each candidate attest to having filed such statement prior to the submission of any nomination petition. Moreover, subsequent to the last day for filing nomination petitions, the Commission had used certified mail to notify all candidates, who had not yet filed financial statements, of their obligation to do so, providing each with the necessary forms, instructions, a self-addressed return envelope, and a toll free number to call for further assistance. Printed on this notification was a bold face warning that the Commission would take action against the continuing candidacy of the respondents addressed if the forms were not received within ten days of the date of the letter. The Commission commenced the instant action two weeks before the scheduled primary elections, which was well beyond the expiration of the proffered ten-day extension.

The hearing established that the respondents here concerned fell into two groups: one consisting of those who had not filed a financial interest statement at any time prior to the hearing, and the other consisting of those who had filed such statements after the Commission commenced this action on May 7, 1985. It was also indicated that over 24,000 financial statements

were filed with the Commission in connection with the 1985 primary election, and that more time is required to process a financial statement and make it available during this municipal election year than in other years when 5 to 10 or 11 days are customarily involved for such processing.

In *Baldwin,* our Supreme Court noted that the failure of prospective candidates for public office to file financial statements with the Commission did not fatally taint the filing process so as to invalidate the nomination petitions if the information required by the statements was, in fact, subsequently received *and was otherwise available for the purposes envisioned by the Act.* Aware, of course, of this holding, the Commission ensured here that all delinquent candidates were quickly appraised of the need to file the financial statements. It also made the necessary materials and information available to them, and took action against the non-filing candidates only when time constraints indicated that there would not be sufficient time remaining before the primary election to process additional statements so as to make the information therein meaningfully available for the electorate's review.

Respondents Ingetti and Worrall testified at the hearing that they were running unopposed in both the primary election and the general election. We do not believe, however, that the legislature intended to excuse such candidates from the Act's requirements. We do believe, rather, that it would be unwise to create or permit such an exception. The Act's intent is clearly to make available for public consideration, during the selection process, certain financial information regarding candidates so that the voters may determine what interests a candidate may have which might affect his conduct in office, *Baldwin.* It must be re-

membered that voters may cast "write-in" votes for candidates whose names do not appear on a ballot. Moreover, to endorse a case by case exemption based on such circumstances would place an inordinate burden on the Commission and would frustrate the Act's avowed purpose to ensure that the required information is made available in a timely fashion.

Respondent Worrall also testified at the hearing that he was confused by the directions, not only as to his correct filing status, but as to the appropriate office where the financial statement was to have been filed. He asserted that he interpreted the material as requiring him to file the statement by May 1, 1985, only with the secretary or clerk of his political subdivision and he asserted that he had done so. He also testified, however, that while he remained confused even after receipt of the Commission's notification and filing "package", he did not call the toll free number noted therein for further assistance until after he was served with the Commission's complaint. In light of his acknowledgement of notice that something was amiss with regard to the filing of his statement and of his failure to produce any evidence at the hearing that such information had, in fact, been somehow made meaningfully and timely available to local voters, we do not believe that he presented a meritorious defense for his failure to comply with the Act's requirements.

Respondent Ingetti also testified that he supplied a financial statement to his accountant prior to the initial deadline and that, believing that the accountant would make a timely filing for him, when he subsequently received the Commission's warning letter and filing packet by certified mail, he likewise provided this to his accountant, believing again that the accountant would handle it as required. He said that he did not remember reading the warning on the letter and

did not question his accountant's failure to complete the form and return it to him for his signature so that it could be filed. We believe that he has likewise failed to provide an adequate explanation for his failure to comply with the Act.

Respondent Schaffhauser testified that he was initially unaware that he had to file a statement, but he acknowledged receipt of the Commission's letter and filing package. His profferred explanation as to his failure to file his statement until after he received the Commission's complaint was that he never read the certified letter previously mailed to him by the Commission. Such excuse, of course, we cannot accept.

The remaining respondents here concerned did not appear at the hearing. They have, therefore, advanced no justification whatsoever for their failure to comply with the provisions of the Act.

It is, of course, well established that, to obtain injunctive relief, a party must establish a clear right to relief and that irreparable harm will occur if such relief is not granted, *Moyer v. Davis,* 67 Pa. Commonwealth Ct. 251, 446 A.2d 1355 (1982), *aff'd,* 501 Pa. 192, 460 A.2d 754 (1983).

The brief time left before the primary election[4] rendered it impossible for any of these respondents' information to be meaningfully available for public review during the selection process, and their failure to provide such information presented a clear violation of the Act, *Baldwin.* This would inevitably inflict an irreparable harm upon the voters, whose interests are represented here by the Commission, and who are en-

---

[4] No respondent had filed with the Commission prior to the commencement of this action, which was fourteen days before the primary election. In light of the time necessary for processing and dissemination of the information, it is apparent that the electorate could not have had the data available to it, if at all, for a reasonable time in advance of the primary election date.

titled to have such information available for a reasonable time during the selection process. Moreover, no adequate remedy at law exists which would have alleviated the situation here presented.

Accordingly, an order was entered on May 20, 1985, directing the Boards of Elections in these respondents' respective counties not to certify any of the respondents as winners in any of the May 21, 1985 primary elections or as nominees for the offices sought by them therein.[5]

## ORDER

AND Now this 20th day of May, 1985 upon consideration of the testimony and evidence presented at the hearing held regarding the Petitioner's Application for Summary Relief, having found that the following individuals are candidates for public office in the counties indicated, that they have failed to file the Statement of Financial Interests in accordance with the State Ethics Act, 65 P.S. §§401 et seq., and that they have not responded to the instant matter, it is, therefore, hereby

ORDERED that these individuals are declared ineligible to continue as candidates in the May 21, 1985 primary election:

*Bucks County*: CHRISTINA LE AGER; *Butler County*: THOMAS J. WIEGAND; *Chester County*: DOROTHY CABBOTT; *Clearfield County*: JAMES E. BENNETT, ERNESTINE A. POETA; *Delaware County*: DONALD S. MEREDITH; *Erie County*: CHESTER W. BUKALA, R. STEPHEN WAGNER, STEPHEN T. GREENE; *Fayette County*: DOMINIC ORSINO; *Huntingdon County*:

---

[5] The order of May 20, 1985 was amended on May 21, 1985 to reflect the proper counties in which a number of the respondents here concerned were candidates.

REBECCA DONNELLY; and *Lancaster County*: EDWIN A. KLINE.

In addition, having found that the following individuals are also candidates for public office election positions in the counties indicated; that, although they have now filed the said Statements of Financial Interest with the Petitioner, they have done so only since May 7, 1985 or thereafter; and that such Statements have consequently not been on file long enough to permit the processing necessary so as to make the information contained therein meaningfully available to voters in the forthcoming primary elections, it is, therefore, hereby

ORDERED that these individuals are also declared ineligible to continue as candidates in the May 21, 1985 primary elections in the counties indicated:

*Adams County*: WILLIAM LAKE LANDAUER; *Allegheny County*: JOHN ABBATE, RICHARD CINI, MARK E. GRAHAM, THOMAS JAGTA, CAROLINE G. LESLIE, MABEL G. MCGINNIS, JAMES R. MILLER, GREGORY C. SQUIRE; *Bucks County*: LAWRENCE SCHADE; *Carbon County*: CHARLES W. STEININGER; *Chester County*: ROBERT E. COOK; *Cumberland County*: JOHN MORRIS; *Dauphin County*: KATHERINE L. ADAMS, JAMES C. EDMISTON, III, WALTER SCHAFFHAUSER; JOEL Z. GOODLIN; *Delaware County*: RALPH S. FOX, JR.; *Erie County*: THOMAS E. FITCH; *Lancaster County*: MICHAEL K. WORRALL; *Monroe County*: ALBERT A. INGETTI; and *Pike County*: PAULA DOVYAK; and it is further

ORDERED that the Boards of Election in the counties indicated shall not certify any of the indi-

viduals named herein as winners in the May 21, 1985 primary election or as nominees of the political parties for the offices sought by them in that election; and it is further

ORDERED that copies of this order shall be served upon all parties in this matter as well as upon the respective Boards of Elections in the counties herein indicated.

## ORDER

AND Now, this 21st day of May, 1985, our previous order of May 20, 1985 is *amended* in part so as to identify the INDIVIDUALS WHO FILED STATEMENTS ON OR AFTER MAY 7, 1985, AND THE COUNTIES IN WHICH THEY ARE CANDIDATES, AS FOLLOWS:

> *Adams County*: WILLIAM LAKE LANDAUER; *Bucks County*: LAWRENCE SCHADE; *Butler County*: GREGORY C. SQUIRE; *Chester County*: ROBERT E. COOK; *Clearfield County*: JOEL Z. GOODLIN; *Clinton County*: KATHERINE L. ADAMS; *Cumberland County*: JOHN R. MORRIS; *Dauphin County*: WALTER SCHAFFHAUSER; *Delaware County*: RALPH S. FOX, JR.; *Erie County*: JOHN ABBATE, CAROLINE G. LESLIE, JAMES R. MILLER, THOMAS E. FITCH, THOMAS JAGTA; *Fayette County*: MARK E. GRAHAM; *Lancaster County*: MICHAEL K. WORRALL; *Lawrence County*: RICHARD CINI, MABEL G. MCGINNIS; *Monroe County*: ALBERT A. INGETTI; *Pike County*: PAULA DOVYAK; *Snyder County*: JAMES C. EDMISTON, III, and CHARLES W. STEININGER.