**BERKS COUNTY HOTEL ASSOCIATION, INC., Joseph M. Eways, II, and Charles Rohrer, Appellants,**

v.

**BERKS COUNTY BOARD OF COMMISSIONERS and County of Berks, The City of Reading and The Honorable Paul J. Angstadt.**

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.

Decided June 30, 1997.

---

David M. Kozloff, Wyomissing, for appellants.

John J. Miravich, Reading, for appellees.

Before FRIEDMAN and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

The Berks County Hotel Association, Inc. and two of its members, Joseph M. Eways, II and Charles Rohrer (collectively, Hotel Association), appeal from an order of the Court of Common Pleas of Berks County (trial court), which sustained the preliminary objections filed by the County of Berks and its Board of Commissioners (County), and the City of Reading and its Mayor (City) (collectively, Appellees), in response to the Hotel Association's notice of appeal filed with the trial court, which challenged the creation of the Berks County Convention Center Authority (Authority). We affirm.

On June 20, 1996, the County enacted Ordinance No. 2–96, creating the Authority pursuant to Section 4 of the Third Class County Convention Center Authority Act of 1994 (CCAA), 16 P.S. § 13104.[1]  (R.R. 17a.) It also appointed four members to the Authority's governing board.  On June 24, 1996, the City enacted Ordinance No. 16–96, in which the City signified its intention to organize an authority jointly with the County and appointed three members to the governing board.

On July 22, 1996, the Hotel Association filed a notice of appeal and declaratory judgment action against Appellees.[2]  The complaint sought to void the ordinances and all actions of the Authority, direct the County to hold a public hearing before enacting a similar ordinance, enjoin the creation of a convention center authority until after the completion of feasibility studies and require appointment of a member of the Hotel Asso-

---

1. Act of December 27, 1994, P.L. 1375.

2. The trial court determined that it had subject matter jurisdiction in the context of a notice of appeal pursuant to Section 5571(c)(5) of the Ju-

dicial Code, 42 Pa.C.S. § 5571(c)(5).  Thus, the court deemed the declaratory judgment action withdrawn and addressed the substantive issues raised therein as if raised in the notice of appeal.

ciation to the governing board of any convention center ultimately created.[3]

On August 14, 1996, Appellees filed preliminary objections in the nature of a demurrer. On October 17, 1996, the trial court entered an order sustaining Appellees' preliminary objections, denying all relief requested by the Hotel Association, and dismissing the action with prejudice. This appeal followed.

The issues in this case are (1) whether the Municipality Authorities Act of 1945(MAA), Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301–401, applies to a convention center authority created pursuant to the CCAA, and (2) whether the creation of the Authority was premature and in contravention of the CCAA because no determination has been made to build a convention center.

■■■ Our standard of review for preliminary objections is well settled. We must accept as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that recovery is not possible. *Id.*

■■■ The County and City ordinances provide that the Authority is organized under the CCAA. Section 4 of the CCAA, 16 P.S. § 13104, provides, in pertinent part:

The governing bodies of a third class county and the political subdivision constituting the county seat ... may create a body corporate and politic to be named the ........ County Convention Center Authority....

Section 5 of CCAA, 16 P.S. § 13105(a), lists the general powers provided to an Authority and states that:

An authority *created under this act* shall be a public body ... and shall be for the purpose ... of acquiring, holding, developing, designing, constructing, improving, maintaining ... and owning a convention center.... (Emphasis added.)

The Hotel Association maintains that, in addition to complying with the CCAA, Appellees were required to comply with Section 3 of the MAA, 53 P.S. § 303, which provides, in pertinent part:

Whenever the municipal authorities of any municipality ... shall desire to organize an Authority *under this act*, they shall adopt a resolution or ordinance signifying their intention to do so *but no such resolution shall be adopted until after a public hearing has been held, the notice of which shall be given at least thirty days before* in the same manner as hereinafter provided for the giving of notice of the adoption of the resolution or ordinance. (Emphasis added.)

In accordance with the MAA, Hotel maintains that, in enacting the ordinances, Appellees were required to hold a public hearing upon thirty days' notice. Because no public hearing was held, Hotel Association maintains that the ordinances are invalid. We disagree.

Inasmuch as the Authority was created under the CCAA, not the MAA, Appellees were not required to comply with the MAA. Specifically, the requirement that a public hearing be held before an Authority is organized is only required in accordance with Section 3 of the MAA, 53 P.S. § 303. No such requirement for a public hearing exists in the CCAA. According to Section 3 of the MAA, only when an "authority is created under this act" must a public hearing be held.

Hotel Association contends that, as both the MAA and the CCAA relate to the same subject matter, the two provisions should be read together and, because CCAA contains no provision for creating and incorporating an authority, provisions of the MAA must apply. *State Ethics Commission v. Cresson*, 528 Pa. 339, 597 A.2d 1146 (1991). *Cresson* involved the applicability of the time limit of the Election Code for challenging a nomination petition to an action brought by the Ethics Commission which is governed by the Ethics Act. Because the Ethics Act is silent

---

**3.** Hotel Association originally only challenged the County's enactment of Ordinance No. 2–96. However, City was later joined as a party on October 9, 1996, and its enactment of Ordinance No. 16–96 challenged.

on when a petition to set aside must be filed and no conflict existed between the two statutes, the Court held that the statutes must be read together and the time limit set forth in the Election Code applied.

Appellees maintain that the CCAA and MAA are not statutes *in pari materia.* As to both the MAA and CCAA, an "authority" is specifically defined as an authority created pursuant to that particular act. Also the MAA provides that the scope of its application is limited to authorities created pursuant to it or its 1935 predecessor statute. Section 19 of the MAA, 53 P.S. § 322. Section 24 of CCAA, 16 P.S. § 13124, also repeals "all acts and parts of acts ... insofar as they are inconsistent with this act."

We agree with the Appellees, that the MAA is inapplicable. If the authority were created under the MAA, then the provisions of the MAA rather than the CCAA would apply to all subsequent actions of the Authority, as the MAA applies to those authorities created under the MAA of 1935 and "to those hereafter incorporated under the provisions of this act." Section 19 of the MAA, 53 P.S. § 322.

 Finally, Hotel Association maintains that the Appellees are not empowered to create an authority because, in accordance with the CCAA, it must first be decided that a convention center will be built, and such is not the case here. Hotel Association relies upon Section 4 of the CCAA, 16 P.S. § 13104, for its argument that it must first be determined that a convention center will be built before an authority can be created. That section provides, in pertinent part:

> If the convention center *to be constructed by an authority created under this act* shall be located within the jurisdictional limits of the county seat of the county, the authority shall be a joint authority of the county and the county seat. (Emphasis added.)

We agree with the Appellees, however, that the powers granted to an authority under Section 5 of the CCAA, 16 P.S. § 13105(a), include "developing" a convention center. Section 23(e)(3) of the CCAA, 16 P.S. § 13123(e)(3), provides that taxes imposed on hotels may be used by an authority for "[c]osts associated with the development of the convention center, including ... engineering and feasibility costs." Additionally, Section 5(b)(10) of the CCAA, 16 P.S. § 13105(b)(10), grants the Authority power "to borrow money for the purpose of paying the costs of a project...." Section 3 of the CCAA, 16 P.S. § 13103, defines "[c]ost of a project" as "expenses necessary or incident to determining the feasibility or practicality of constructing the project." Thus, the provisions of the CCAA make it clear that an authority may be created for the purpose of deciding whether to build a convention center.

Therefore, because Appellees properly created the Authority in accordance with the CCAA, the decision of the trial court is affirmed.

### *ORDER*

NOW, June 30, 1997, the order of the Court of Common Pleas of Berks County at No. 96–7709, dated October 17, 1996, is affirmed.