903 A.2d 1164

In re NOMINATION Petition OF Marie deYOUNG
as a Democrat for State Representative for
the 163rd Legislative District

**Appeal of Harry M. Riley, IV.**

Supreme Court of Pennsylvania.

Submitted April 17, 2006.

Decided Aug. 21, 2006.

---

Michael Lawrence Maddren, Media, for Harry M. Riley, IV.

Bruce H. Bikin, Philadelphia, for Marie E. deYoung.

Louis Lawrence Boyle, for Bureau of Commissions, Elections and Legislation.

BEFORE: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *ORDER*

PER CURIAM

**AND NOW**, this 25th day of April, 2006, we **REVERSE** the Order of the Commonwealth Court and **REMAND** to the Commonwealth Court for a decision on the merits on Appellee Harry M. Riley's Petition to Set Aside Nomination Petition. Said decision to be rendered within seven (7) days of the date of this Order. A qualified private party has a right to object to a Statement of Financial Interests attached to a Nomination Petition, therefore Appellee has standing to object in this matter. *Cf. In re Nomination Petition Bryant*, 578 Pa. 421, 852 A.2d 1193 (2004); *In re Petition of Cioppa*, 533 Pa. 564, 626 A.2d 146 (1993). Opinion to follow. Jurisdiction relinquished.

## *OPINION*

Justice BALDWIN.

 In this matter, we are asked to resolve whether a qualified private party has standing to object to a Statement of Financial Interests filed by a candidate for elected office or, alternatively, whether only the Ethics Commission may bring

such an objection. As this is a question of law, our standard of review is *de novo* and our scope of review is plenary, thus we may examine the entire record. *In re Hickson*, 573 Pa. 127, 134, 821 A.2d 1238, 1242 (2003).

The Commonwealth Court determined that Harry M. Riley, IV ("Objector") did not have standing to bring an objection to the Statement of Financial Interests attached to the Nomination Petition of Marie E. deYoung ("Candidate"), a Democratic candidate for State Representative in the 163rd Legislative District. For the reasons set forth below, we reverse.[1, 2]

Objector, an elector in the 163rd Legislative District and a registered and enrolled member of the Democratic Party, filed a Petition to Set Aside Nomination Petition, seeking to set aside Marie E. deYoung's Nomination Petition as a Democratic candidate for State Representative in the 163rd Legislative District.[3] Objector specifically objected to the Statement of Financial Interests filed by Candidate, in which Candidate allegedly did not disclose all sources of income in the aggregate of $1,300 as required by the Public Official and Employee Ethics Act ("Ethics Act").[4] Following a hearing held on March 23, 2006, the Commonwealth Court issued an Order that "transferred" the matter to the State Ethics Commission

1. The decision herein reflects that the qualified private parties who have standing to object to the Statement of Financial Interests are the same as those who would have standing to challenge a Nomination Petition pursuant to settled standing rules.

2. This Court entered an Order on April 25, 2006 reversing the Order entered by the Commonwealth Court on April 7, 2006. This opinion follows that Order.

3. An elector registered to vote in the district holding the primary election who is a member of the political party to which the nomination pertains has standing to challenge a candidate's Nomination Petition. *In the Matter of the Nomination Petition of Samms*, 543 Pa. 681, 684, 674 A.2d 240, 242 (1996).

4. The Statement of Financial Interests is to include, *inter alia:*
 The name and address of each creditor or indirect source of income totaling in the aggregate $1,300 or more. However, this provision shall not be construed to require the divulgence of confidential information protected by statute or existing professional codes of ethics or common law privileges.
 65 Pa.C.S. § 1105(b)(5).

("Commission"). The Order, dated March 23, 2006, sought the Commission's opinion as to whether Candidate's Statement of Financial Interests was deficient, and if it was deficient, whether the deficiency was amendable or constituted a fatal defect. The Commonwealth Court retained jurisdiction over the matter, waiting for the Commission opinion to move forward in the case.

On March 29, 2006, the Commission rendered its opinion that the Statement was deficient and that the defect was fatal to Candidate's petition. By Order dated March 31, 2006, the Commonwealth Court then granted the State Ethics Commission leave to intervene in the matter no later than April 3, 2006 at 4:00 p.m. In response to the March 31 st Order, the Chair of the State Ethics Commission filed a letter on April 3, 2006 with the Commonwealth Court which stated:

> The State Ethics Commission is in receipt of the March 31, 2006, Order of Judge Leavitt granting leave for the Commission to intervene in the above-referenced matter. The Commissioners are appreciative of the opportunity to intervene. However, the Commission's Opinion that was issued and filed in this matter definitively sets forth the Commission's views on the issues raised by the Court. The Commission's policy is to avoid any potential appearance of partisanship as to candidates; therefore, the Commission will not be intervening in this matter.

R. 179a.

The Commonwealth Court subsequently entered an Order on April 7, 2006, which dismissed the Objector's Petition to Set Aside Nomination Petition and required that Candidate's name be placed on the primary election ballot. Objector timely appealed. In a single-judge memorandum opinion, the Commonwealth Court opined that Objector lacked standing to bring the challenge because there exists no private party right of action, and that only the State Ethics Commission has standing to seek removal of Candidate from the primary election ballot. The Commonwealth Court recognized that it raised the question of standing *sua sponte*, but found it was permissible to do so because standing was "interwoven" with

subject matter jurisdiction and thus became a "jurisdictional prerequisite" to the action. *In re Nomination Petition of deYoung,* 900 A.2d 954, 957 (Pa. Commw. Ct.2006).

In its opinion, the Commonwealth Court explored the Ethics Act and determined that "the legislature intended to vest the Ethics Commission with authority to administer, and enforce, the Ethics Act." *Id.* at 958. The Commonwealth Court noted, citing 65 Pa.C.S. § 1104(b)(1), that the Ethics Act requires that candidates for state-level office file a Statement of Financial Interests with the Ethics Commission and attach a copy of the Statement to their Nomination Petition. *Id.* The opinion further relied upon 65 Pa.C.S. § 1107(5), which requires the Ethics Commission to inspect the Statements of Financial Interests for deficiencies. The Ethics Commission is to provide written notice to the party that filed the Statement detailing the deficiency, pursuant to 51 Pa.Code § 19.3(a). If a complaint is received about a Statement, the Ethics Commission can respond with a written notice to the party that filed the Statement (51 Pa.Code § 19.3(b)), or it may investigate and hold a hearing about the deficiency (51 Pa.Code §§ 21.1–21.30). *In re Nomination Petition of deYoung,* at 960. However, the Act does not expressly create a right of action for a private party to challenge a candidate's 1104(b) Statement.

The Commonwealth Court determined that because the Ethics Act does not explicitly provide a private right of action, the Ethics Commission must pursue "an appropriate sanction if it believes deYoung violated the Ethics Act, which could range from a fine to an action in this Court's original jurisdiction to remove [Candidate] from the ballot." *Id.* at 960. Based upon these findings, the Commonwealth Court concluded that Objector "may not act as a private attorney general and pursue such sanctions on behalf of the Ethics Commission." *Id.*

Objector raised three questions in his appeal to this Court, namely:

1. Did the Commonwealth Court err by raising the issue of standing *sua sponte?*

 2. Is there a private right of action to challenge a candidate's candidacy based upon a deficiency in that candidate's Statement of Financial Interests?

 3. Did the Commonwealth Court err in dismissing Mr. Riley's challenge to Appellee's nomination petition based upon a deficiency in Appellee's Statement of Financial Interests for lack of standing?

The Ethics Act requires that certain public office holders and candidates for office file a Statement of Financial Interests at specified times. 65 Pa.C.S. § 1104. Candidates for state-level office are to file the Statement with the Ethics Commission on or before the last day for filing a petition to appear on the election ballot. 65 Pa.C.S. § 1104(b)(1). A candidate for county-level or local office is to file the Statement with the governing authority of the political subdivision in which he or she is a candidate, also on or before the last day for filing a petition to appear on the election ballot. 65 Pa.C.S. § 1104(b)(2). All candidates must attach copies of their Statements to their Nomination Petitions. 65 Pa.C.S. § 1104(b). The information required to be included on the Statement of Financial Interests is set forth in 65 Pa.C.S. § 1105(b).

 Citing its own precedent, the Commonwealth Court held that standing can be raised by the court *sua sponte* if it is intertwined with subject matter jurisdiction. *In re Nomination Petition of deYoung*, at 957, *citing Beverly Healthcare–Murrysville v. Dep't of Public Welfare*, 828 A.2d 491, 496 (Pa.Commw.Ct.2003).[5] Subject matter jurisdiction concerns "the competency of the court to determine controversies of the *general class* to which the case presented for its consideration belongs." *Heath v. Workers' Comp. Appeal Bd.*, 580 Pa. 174, 180–81, 860 A.2d 25, 29 (2004), *quoting Strank v. Mercy Hosp. of Johnstown*, 376 Pa. 305, 309, 102 A.2d 170, 172 (1954). Certainly, the Commonwealth Court has subject matter juris-

---

**5.** This Court has never adopted the reasoning regarding standing intertwined with subject matter jurisdiction espoused in *Beverly Healthcare–Murrysville* and we specifically renounce it here.

diction over controversies of the general class of cases concerning the validity of Statements of Financial Interests.

This Court has consistently held that a court is prohibited from raising the issue of standing *sua sponte*. *See Payne v. Dep't of Corr.*, 582 Pa. 375, 386 n. 5, 871 A.2d 795, 802 n. 5 (2005); *Hertzberg v. Zoning Bd. of Adjustment*, 554 Pa. 249, 256 n. 6, 721 A.2d 43, 46 n. 6 (1998). "Whether a party has standing to maintain an action is not a jurisdictional question." *Beers v. Unemployment Comp. Bd. of Review*, 534 Pa. 605, 611 n. 6, 633 A.2d 1158, 1160 n. 6 (1993). Consequently, the Commonwealth Court in the instant case erred in raising and addressing the issue of standing on its own accord.[6] As to Objector's second argument, this Court has not decided the question of whether there is a qualified private party right to contest a candidate's Statement of Financial Interests.[7] Indeed, this Court has already heard cases where an elector—not the Ethics Commission—challenged a candidate's Statement of Financial Interests. *See i.e. Benninghoff*, 578 Pa. 402, 852 A.2d 1182; *In re Nomination Petition of Bryant*, 578 Pa. 421, 852 A.2d 1193 (2004) (elector challenged Statement of Financial Interests, Court held that Statement must be filed within the seven-day period prescribed by the Election Code); and *In re Petition of Cioppa*, 533 Pa. 564, 626 A.2d 146 (1993) (elector challenged Statement of Financial Interests, Court held that failure to file a Statement within

---

**6.** While we would traditionally end our analysis upon our finding that the Commonwealth Court improperly raised the issue of standing *sua sponte*, because we have already entered an order in this matter answering the question of private party standing to challenge a Statement of Financial Interests, we continue to address the merits of this issue. *In re: Nomination Petition of DeYoung*, 586 Pa. 511, 895 A.2d 546 (2006) ("A qualified private party has a right to object to a Statement of Financial Interests attached to a Nomination Petition, therefore Appellee has standing to object in this matter.").

**7.** In *In re Nomination of Benninghoff*, 578 Pa. 402, 407 n. 4, 852 A.2d 1182, 1185 n. 4 (2004), the issue of whether the State Ethics Commission, and not the Commonwealth Court, has primary jurisdiction in a case involving a candidate's Statement of Financial Interests was raised but was not reached because the Commonwealth Court was reversed on other grounds (the candidate there had substantially complied with the filing requirements, thus he was entitled to the opportunity to amend the Statement).

prescribed time is fatal to a candidacy). Yet, qualified private party standing was not addressed in any of them.

The Commonwealth Court's reasoning falters because the Ethics Act provides no rules regarding removal of a candidate from the ballot.[8] The Act does not provide the Ethics Commission with the ability or authority to remove a candidate from the ballot.[9] Moreover, the Ethics Commission does not receive a copy of the Statement of Financial Interests filed by a candidate for county-level or local office. The Commonwealth Court's conclusion that only the Ethics Commission can bring such a challenge would seem to make it impossible for a Statement of such candidate for county-level or local office to be challenged. We will not interpret statutory language in such a way that results in an absurd, unreasonable result or one that is impossible of execution. 1 Pa.C.S. § 1922(1).

The fact that the timeframes set forth in the Ethics Act for the Ethics Commission to handle deficiencies in the Statements do not consider the exigencies required with election matters is further evidence that the Legislature did not intend for the Ethics Commission to be the sole party with standing to bring the objections at issue.[10] Rather, they reflect that the

**8.** After deciding a case before it (regarding all matters that may come before it including, *inter alia*, Statements of Financial Interests), the Ethics Commission may:
 1. Order the respondent to make restitution or impose a monetary penalty in accordance with the act.
 2. Order the respondent to cease and desist from engaging in a particular activity deemed to be in contravention of the act.
 3. Order the respondent to take specified action to bring himself in compliance with the act.
 4. Refer the matter for review or with a specific recommendation for action to law enforcement, regulatory or other authorities with jurisdiction over the matters.
 5. Institute restitution order enforcement proceedings through the Office of Attorney General or the Commission's legal staff.
 51 Pa.Code § 21.30.

**9.** If an individual fails to correct a deficient Statement of Financial Interests after being advised of the deficiency by the Ethics Commission, the Commission may impose a civil (monetary) penalty. 51 Pa.Code § 19.3.

**10.** The party filing the Statement of Financial Interests has twenty days from the mailing date of the deficiency notice by the Ethics Commission

Election Code provides the remedies for objections to Statements of Financial Interests of candidates. The Election Code provides the right to bring objections to Nomination Petitions and related papers in order to have a candidate removed from the ballot. 25 P.S. § 2937. Petitions challenging Nomination Petitions and related papers must be filed within seven days after the last day for filing the Petitions and papers. *Id.* The Court shall make an Order fixing the time for a hearing within ten days after the last day for filing the Petitions and papers and shall finally determine the matter not later than fifteen days after the last day for filing. *Id.* The expedited timeframes in the Election Code clearly contemplate the exigencies of typical pre-election wrangling.

In *State Ethics Comm'n v. Cresson*, 528 Pa. 339, 597 A.2d 1146 (1991), this Court considered petitions to set aside Nomination Petitions where the candidates failed to file Statements of Financial Interests within seven days after the last day to file Nomination Petitions. In *Cresson*, the State Ethics Commission was the party that sought to set aside the Nomination Petitions. The Commission argued that its action was not subject to the filing periods under the Election Code. The Commission also suggested that because the Ethics Act and Election Code conflicted, the Ethics Act should prevail because it was promulgated after the Election Code. *Id.* at 344, 597 A.2d at 1148.

This Court found that:

The Ethics Act is silent on when a petition to set aside must be filed. There is, therefore, no conflict. Since aspects of these statutes relate to the same subject matter, i.e., requirements for filing of nomination petitions, they are in *pari materia* and must be considered together. 1 Pa.C.S.

to correct the Statement. 51 Pa.Code § 19.3(c). A preliminary inquiry (if it is determined that an inquiry is needed) will be completed within sixty days. 51 Pa.Code § 21.3(a). A party may request a hearing before the Ethics Commission in answer to the findings in an Ethics Commission report within thirty days of the issuance of the findings report. 51 Pa.Code § 21.21(a). An extension may be granted up to thirty days. *Id.* Reconsideration of the Order entered after a hearing may be requested within thirty days of service of the Order. 51 Pa.Code § 21.29(b).

§ 1932. Therefore, in light of the expressed time limit contained within the provision of the Election Code with respect to challenging nomination petitions, and the absence of a temporal framework in the Ethics Act, there is no conflict and the Election Code must apply.

*Cresson,* at 344, 597 A.2d at 1149. This Court also noted that the time limits in the Election Code were established to ensure that election disputes would be resolved in a timely fashion for the benefit of the citizens. *Id.*

■ This Court has previously held that the Ethics Act and the Election Code must be read in *pari materia.* Clearly, then, the Election Code and not the Ethics Act provides the mechanism to object to a candidate's Statement of Financial Interests within the expedited timeframe required by the exigencies of an election season. The Ethics Commission has never been, and is not now, the only party that may challenge the Statements of Financial Interests attached to Nomination Petitions. Moreover, in the case *sub judice,* the Ethics Commission declined to enter the suit, explaining that it had opined about the candidate's Statement of Financial Interests and had therefore completed its duties. We do not inquire into the Commission's decision or reasons not to intervene, but it is clear that both the Commission and the Objector, as a qualified private party, had standing to bring the instant objection. The Commonwealth Court is reversed and the matter is remanded for a decision on the merits. Jurisdiction relinquished.

Chief Justice CAPPY and Justices CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER join the opinion.