# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: The Nomination Papers of David Amato as Candidate for Member of Council Borough of West Reading | : : : : : |
| Appeal of: Oswald Herbert and Suzanne Thompson | : No. 1138 C.D. 2017 : Submitted: August 31, 2017 |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  September 14, 2017

Oswald Herbert and Suzanne Thompson (together, Objectors) appeal, pro se, from the August 3, 2017 Order of the Court of Common Pleas of Berks County (trial court) that dismissed Objectors' Petition to Set Aside the Nomination Papers of David Amato as Candidate for Member of Council Borough of West Reading (Petition to Set Aside).  The trial court dismissed the Petition to Set Aside as untimely because it was filed more than seven days after the last day David Amato (Candidate) could accept the nomination, which he won by write-in vote, as the Republican and Democratic candidate for Member of Council of the Borough of West Reading (Borough), and determined that the alleged deficiencies in the challenged Statements of Financial Interest (SOFI) were amendable.

On appeal, Objectors argue, among other things, that they were deprived of due process when they were denied the opportunity to present evidence to address the merits of the Petition to Set Aside. In addition, Objectors argue (1) that they were prevented from timely filing the Petition to Set Aside, and (2) that they were prepared to request *nunc pro tunc* relief at the proceeding before the trial court, but that they were unable to do so because of the manner in which the proceeding was conducted. Objector Thompson also filed with this Court a "Notice of Objection to Notes of Testimony" (Notice of Objection), asserting that certain statements made by the trial court at the proceeding on the Petition to Set Aside were not included in the Notes of Testimony. Both Candidate and the Berks County Board of Elections (Board) filed briefs in response to Objectors' arguments on appeal and answers to the Notice of Objection. Because Objectors did not receive a meaningful opportunity to present either their request for *nunc pro tunc* relief or their case on the merits of the Petition to Set Aside, we vacate the trial court's Order and remand to the trial court for a new hearing and a determination on these issues. Additionally, because we are remanding this matter for a new hearing, we dismiss the Notice of Objection as moot.

Candidate won the 2017 Municipal Primary, via write-in vote, to appear as the Republican and Democratic candidate for a four-year position as a member of the Borough Council. The Board certified the Municipal Primary results, and Candidate as the winner, on June 8, 2017. Pursuant to the regulation at 51 Pa. Code § 15.3(e)(1)-(2),[1] Candidate was to file his SOFI with the "governing

---

[1] This regulation states that:

**(Footnote continued on next page…)**

2

authority of the political subdivision wherein the person has been . . . nominated for . . . local level office" **within 30 days** of being certified the winner, here **by July 10, 2017**. Candidate filed his "Acceptance of Write-In Win/Nomination" for the Republican and Democratic nominations, Candidate's Affidavits in accordance with Section 910 of the Election Code, 25 P.S. § 2870,[2] and Waiver of Expense Account Reporting Affidavits pursuant to Section 1626 of the Election Code, 25 P.S. § 3246,[3] with the Board on July 3, 2017. Candidate signed these documents and they were notarized on that same date. He also filed a copy of his SOFI, also signed on July 3, 2017, with the Board. Each of these documents were stamped received by the Board on July 3, 2017. Candidate also filed, at some point, the required documents, including his SOFIs with the Borough. The copies of the SOFIs filed with the Borough that are attached to Objectors' Petition to Set Aside were certified by the Borough's Secretary on July 12, 2017, but there is no date

---

**(continued…)**

(e) A write-in candidate shall file a Statement of Financial Interests within 30 days of having been nominated or elected unless the person declines the nomination . . . within that period of time.

(1) The Statement shall be filed with . . . the governing authority of the political subdivision wherein the person has been . . . nominated for . . . local level office.

(2) For the purposes of calculating the 30-day period during which the Statement of Financial Interests shall be filed, the time shall commence on the date that the appropriate board of elections certifies the individual as the winner of a nomination or election.

51 Pa. Code § 15.3(e)(1)-(2).

[2] Act of June 3, 1937, P.L. 1333, *as amended*.

[3] Added by Section 2 of the Act of October 4, 1978, P.L. 893, *as amended*.

stamp on the SOFIs indicating when they were received by the Borough.[4] With regard to the content of the SOFIs, Candidate identified his occupation or profession as a "P.C. Technician level 2" in Block 6, but checked the box for "none" in Block 10, which is where a candidate is required to list "Direct or Indirect Sources of Income including (but not limited to) all employment." (SOFIs, Exs. A and B to Petition to Set Aside.)

Objectors filed the Petition to Set Aside on July 19, 2017, pursuant to Section 977 of the Election Code, 25 P.S. § 2937.[5] In the Petition to Set Aside, Objectors asserted that Candidate's SOFIs were not timely filed with the West Reading Borough Administrative Office as required by Section 1104(b) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. § 1104(b). (Petition to Set Aside ¶¶ 6-7.) Objectors averred that, because there was no date stamp on the SOFIs indicating when they were filed with the Borough, Candidate could not demonstrate that it was timely filed. Objectors also challenged the SOFIs on the ground that Candidate did not include the source of either his or his spouse's direct or indirect income in Block 10 of the SOFIs. (*Id.* ¶ 6.) Based on these defects, Objectors requested the trial court to set aside Candidate's Nomination Papers and order that he not appear on the ballot. (*Id.* ¶ 11, Wherefore Clause.)

The matter was heard by the trial court on August 3, 2017, at which Objectors appeared pro se, Candidate was represented by counsel, and the Board's

---

[4] Because Candidate was the candidate for both the Republican and Democratic party, he filed two SOFIs with the Borough, which are practically identical with the exception that Candidate used an abbreviation for the name of one of his creditors in one SOFI and the full name in the other SOFI. (SOFI, Ex. B to the Petition to Set Aside.)

[5] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937.

4

Director, Deborah Olivieri, who was listed as a respondent, was represented by counsel.  The following brief proceeding occurred before the trial court.

> The Court:  Mr. Cammarano [(Candidate's Counsel)], I will do these election issues first.
>
> [Candidate's Counsel]:  I am here for the election.  I represent Mr. Wert and Mr. Amato.
>
> The Court:  Okay.  So you are here for Mr. Amato.  And you are here for Ms. Thompson?
>
> Mr. Boland:  I am here for Ms. Rodriguez on the Thompson and Rodriguez petition regarding the mayor's office only, not the borough counsel.
>
> [Candidate's Counsel]:  Your Honor, I don't know if anybody is here on behalf of the objectors.
>
> The Court:  Which one are you here on?
>
> [Candidate's Counsel]:  I am here on Amato and Philip Wert.
>
> The Court:  You are here for both of them?  I heard you say Amato.  I did not hear you say Wert.  Okay.
>
> [Candidate's Counsel]:  I am here for both of them. They are similar situations, but I don't think that anyone here is on behalf of the objectors.  I think preliminarily -- I don't think that their petition is even timely.  It had to be filed on or before the 7th of July, and they weren't filed until -- the 17th of July.  They weren't filed until the 19th.
>
> The Court:  Okay.  In regard to Mr. Amato, the objection is in regard to the statement of financial interest.  And the primary objection, I believe, is the indirect income from the spouse's employment.  Is Mr. Amato here?
>
> [Candidate's Counsel]:  Yes, Your Honor.

The Court: Come forward. And Mr. Herbert and Ms. Thompson? I am not going to sustain your petitions. I am telling you that right now, either one of them. Mr. Amato, is your wife employed?

[Candidate]: Yes.

The Court: You can amend your statement of financial interest. That is a very confusing section that -- what is income, what is direct, what is indirect.

[Candidate]: My understanding of why I didn't put it in is because my name doesn't appear on her paycheck so it does not affect me.

[Candidate's Counsel]: That is the confusion that the Judge is referring to actually.

The Court: Right. That is.

[Candidate]: I amended the statement to include my employer, but I did not include hers.

The Court: And, you know, that is a very gray area to me because I have had to fill out these forms as a school board member, and I don't think that I have ever put my husband's retirement income on it. Because that is not my income, and I don't have any entitlement to it.

[Candidate]: That is my exact thinking.

The Court: So I am dismissing their petition.

[Objector Herbert]: The issues that you just mentioned are amendable, but the fatal issue here is that there is no documentation as to timely filing.

The Court: Forget it. That is on West Reading. That is not on him.

[Objector Herbert]: The candidate - - -

The Court: I am dismissing your petition.

[Objector Herbert]: Okay.

The Court: Do you understand me?

[Objector Herbert]:  I understand.

The Court:  Okay.  You want to appeal me, be my guest.  But I am dismissing your petition.  I am crossing this out in regard to Mr. Amato.  Mr. Amato, I would talk to your attorney.  I would see whether -- and perhaps ask Ms. Olivieri [the Board's Director], who runs these elections very, very well, and is very knowledgeable, whether you need to include your spouse's income on that form.  And if you do, simply go to West Reading and amend it.  And -- into their office and amend it.

[Candidate]:  Yes.

The Court:  Is that okay with you, Ms. Olivieri?

[Board's Director]:  I received two additional ones earlier.

[Candidate]:  I amended my initial one with my employer?

[Board's Director]:  Yes.

[Candidate]:  Also the statement from the Borough of West Reading?

[Board's Director]:  Yeah.  I did receive an amended one so I wasn't sure if that would pertain.  We can talk.

The Court:  That is an amendable document, and it is so unclear as to what those things are that I am not going to -- if you hadn't filed it at all, we would be in a different position.  You filed it, it is amendable, and it needs to be amended within ten days and you are on the ball[o]t.

[Candidate]:  Thank you, Your Honor.

(Hr'g Tr. at 2-5.)  Consistent with its statements during the proceeding, the trial court dismissed the Petition to Set Aside by Order dated August 3, 2017.  Objectors appealed to this Court.

7

At the direction of this Court,[6] the trial court issued an opinion, and Objectors filed a Statement of Issues to be Presented on Appeal (Statement of Issues) directly with this Court.[7]  In its opinion, the trial court explained that, pursuant to Section 977 of the Election Code and *In re Bryant*, 852 A.2d 1193 (Pa. 2004), Objector's Petition to Set Aside challenging Candidate's SOFIs had to be filed "'within seven days after the last day for filing said nomination petition or paper[ . . .]'" and the Petition to Set Aside, filed on July 19, 2017, did not meet this deadline.  (Trial Ct. Op. at 2.)  It further held that Objectors did not meet their burden of proving that the SOFI was not timely filed with the Borough and that any defect in the SOFIs' content was amendable per *In re Paulmier*, 937 A.2d 364, 445 (Pa. 2007).  Thus, the trial court contended that it properly dismissed the Petition to Set Aside and directed Candidate to file amended SOFIs with the Board and the Borough to correct the defects that appeared on the face of the SOFIs.

In their Statement of Issues, Objectors raise several challenges to how the proceeding was conducted by the trial court, including claims that they were deprived of due process because an *ex parte* conference occurred between the trial court and opposing counsel, no witnesses were sworn in, and they were not allowed to present evidence to support their argument that the SOFIs were untimely filed with the Borough.  (Statement of Issues ¶¶ 1, 3-4.)  Objectors further

---

[6] We issued an Order on August 18, 2017, directing the trial court to certify the record, including an opinion and transcript, to this Court not later than August 23, 2017.  We also directed Objectors to file a Statement of Issues to be Presented on Appeal by August 24, 2017.  The parties were ordered to file and serve their briefs on or before August 28, 2017 at 4:00 p.m.

[7] Objectors filed an amendment to their Statement of Issues in which they amended issue 5 by completing an incomplete sentence that appeared in the original Statement of Issues.  They also purported to amend issue 6, but there does not appear to be any change between the original Statement of Issues and the amended version.

8

contend that the trial court interpreted Section 977 of the Election Code too narrowly and did not consider or rule on their arguments that the SOFIs had to be timely filed with both the Board and Borough, i.e., the "two-filings requirement," was not met by Candidate. (Statement of Issues ¶¶ 2, 5-6.)

The trial court issued an amended opinion, addressing Objectors' issues. The trial court first noted that Objectors did not address the timeliness of their Petition to Set Aside. According to the trial court, Objectors did not present any authority to support that the Petition to Set Aside was timely filed, and, therefore, they have waived the issue thereby making all the issues set forth in the Petition to Set Aside moot. (Trial Ct. Am. Op. at 2.) The trial court denied having any *ex parte* communication with counsel, noting that it called three election cases and that "[d]iscussions were held in open court, on the record" and Objectors "*were* present." (*Id.* (emphasis in original).) The trial court observed that, despite the Petition to Set Aside being untimely filed, a hearing was held on the objections, and it did consider the precedent cited by Objectors, as evident from its original opinion. It held that "the only disposition a Court could make on an untimely objection in an Election Code matter" was the dismissal of the Petition to Set Aside. (*Id.* at 3.) This matter is now before us for disposition.[8]

In their brief, Objectors reiterate the issues set forth in the Statement of Issues and argue that the trial court's Order must be reversed because Candidate's SOFIs were not timely filed with the Borough. Objectors contend that they were deprived of due process at the proceeding before the trial court because, *inter alia*,

---

[8] "The Court's review of a trial court's order as to the validity of a nomination petition is limited to determining whether the findings of fact are supported by substantial evidence in the record and whether there was an error of law or an abuse of discretion." *In Re Nominating Petition of Williams*, 972 A.2d 32, 33 n.1 (Pa. Cmwlth. 2009).

9

they were never permitted to present evidence or argument on the merits of their contention that Candidate's SOFIs were not timely filed. Citing to the transcript, Objectors assert it is clear that the trial court had decided the issue prior to the proceeding. Further, Objectors acknowledge that the Petition to Set Aside was not timely filed but assert that they were precluded from filing it on July 17, 2017, and, therefore, the Petition to Set Aside should be accepted *nunc pro tunc*. (Objectors' Br. at 7.) Objectors contend that they had "prepared a Motion to present to proceed *Nunc Pro Tunc* in the lower court in the event of respondent's objection to [the] filing of [the] Petition to Set Aside . . . filed on July 19, 2017 (SEE attached **MOTION FOR EXTENSION *NUNC PRO TUNC***) [(Motion)]." (*Id.* (emphasis in original).) Objectors argue that, due to the manner in which the proceeding was conducted, they were effectively precluded from presenting their Motion or otherwise explaining why the Petition to Set Aside should be treated as timely filed. (Objectors' Counter Response to Br. of Candidate at 4-5.) Objectors further attach several exhibits to their initial brief that they assert support their arguments on appeal.

Candidate and the Board have filed briefs in response to Objectors' arguments. Both maintain that the trial court properly dismissed the Petition to Set Aside because it was not timely filed under Section 977 of the Election Code, having been filed more than seven days after the last day for Candidate to have filed his acceptance of the write-in nominations. They both also argue that, under the precedent, Candidate could amend his timely-filed SOFIs to correct the defects apparent on their face. Alternatively, the Board argues that Section 977, which refers only to nomination petitions and nomination papers, is inapplicable here because Candidate was a successful write-in candidate and did not file a

10

nomination petition or nomination paper. The Board asserts that because Section 977 does not apply and Objectors have provided no other legal basis for challenging Candidate's SOFIs, the Petition to Set Aside was properly dismissed as being legally insufficient. Additionally, Candidate asserts that Objectors' appeal is frivolous and requests attorney's fees and costs.

We first address the timeliness of the Petition to Set Aside. Section 1104(b)(2) and (3) of the Ethics Act requires that a SOFI be filed and sets forth the consequences if a SOFI is not filed. Specifically, this Section provides:

> (2) Any candidate for county-level or local office shall file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate **on or before the last day for filing a petition to appear on the ballot for election.** A copy of the statement of financial interests shall also be appended to such petition.

> (3) No petition to appear on the ballot for election shall be accepted by the respective State or local election officials unless the petition has appended thereto a statement of financial interests as set forth in paragraphs (1) and (2). **Failure to file the statement** in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be **a fatal defect** to a petition to appear on the ballot.

65 Pa. C.S. § 1104(b)(2)-(3) (emphasis added). This provision is applied to write-in candidates through the regulation at 51 Pa. Code § 15.3(e)(1)-(2), (f), which requires that write-in candidates file their SOFI with "the governing authority of the political subdivision wherein the person has been . . . nominated for . . . local level office" within 30 days of having been nominated and prevents the acceptance of any petition to appear on the ballot if the SOFI is not attached. Objections to nomination petitions or papers must be filed "within seven days after the last day for filing said nomination petition or paper," pursuant to Section 977 of the

11

Election Code. 25 P.S. § 2937. This seven-day time limit in Section 977 of the Election Code also applies to any challenge to a candidate's SOFI. *Bryant,* 852 A.2d at 1195-96 (holding that a challenge to a SOFI that had been filed with a nomination petition was untimely when the challenge was raised after the expiration of the seven-day period provided in Section 977 of the Election Code, even where the objector had previously filed a timely challenge to the nomination petition itself) (citing *State Ethics Comm'n v. Cresson*, 597 A.2d 1146, 1148-49 (Pa. 1991)). Because the short time frames imposed by the legislature for challenging nominations are meant "as a means of fostering orderliness, certainty, and stability in the election process," a challenge to a SOFI that is filed after the seven-day time limit is untimely and cannot be considered. *Id.* While the time limits set forth in Section 977 of the Election Code "are mandatory, and a court has no authority to waive them," *In re James*, 944 A.2d 69, 73 (Pa. 2008) (citing *In re Nomination Papers of American Labor Party*, 44 A.2d 48, 50 (Pa. 1945)), they may be extended where it is shown that "some extraordinary circumstance, such as fraud, or [a] breakdown of the judicial process," caused the delay in filing, *Petition of Torres*, 512 A.2d 732, 733 (Pa. Cmwlth. 1986).

As discussed above, the Board certified the winners of the 2017 Municipal Primary on June 8, 2017; therefore, the last day for Candidate to submit the required forms and SOFIs was Monday, July 10, 2017. Objections to these forms filed under Section 977 of the Election Code had to be filed within seven days, which would be July 17, 2017. Objectors acknowledge that their Petition to Set Aside was filed on July 19, 2017, and, therefore, was not timely under Section 977. (Objectors' Br. at 7.) Objectors allege that they were prevented from timely filing their challenge on July 17, 2017, because the Prothonotary refused to accept it and

closed the office at 4:00 p.m. while they were inside. They maintain that they were prepared to request *nunc pro tunc* relief with the Motion if the timeliness of the Petition to Set Aside was challenged at the proceeding but were prevented from doing so. (*Id.*; Motion.)

Procedural due process requires notice and the **meaningful opportunity to be heard**. *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996). "The hearing required by . . . [d]ue [p]rocess . . . must be meaningful and appropriate to the nature of the case." *Id.* at 1065 (citation omitted). We are cognizant that, given the time restraints associated with elections, hearings on those matters may be less formal, but they still must comport with due process.

While it is true that Objectors did not argue that their Petition to Set Aside should be accepted *nunc pro tunc* at the proceeding, the transcript reveals that Objectors were not given an opportunity to respond or to present the Motion for the trial court's consideration. After Candidate questioned the timeliness of the Petition to Set Aside, the trial court simply stated "Okay," then began to discuss with Candidate what it perceived to be the primary challenge to the SOFIs. After briefly discussing the merits of the challenge, it then addressed Objectors, told them that it was not going to sustain their petitions, and continued discussing amendment of the defects in the SOFIs. (Hr'g Tr. at 3.) The timeliness of the Petition to Set Aside was never again mentioned at the proceeding, and it was not until the trial court issued its memorandum opinion, **after this appeal was filed**, that the trial court stated that the Petition to Set Aside was dismissed because it was not timely filed. Further, during the proceeding, the trial court barely gave Objectors an opportunity to speak and told them multiple times that the Petition to

13

Set Aside was going to be denied. Under these circumstances, Objectors did not have a meaningful opportunity to assert their request for *nunc pro tunc* relief at the proceeding before the trial court.

Although Objectors have attached documents to their brief to this Court in support of both their *nunc pro tunc* claim and their claims on the merits, this Court can only consider the facts that have been certified in the record on appeal and may not consider documents attached to a brief that are not a part of the certified record. *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). It is the trial court that is the fact finder, and it "has exclusive authority to weigh the evidence, make credibility determinations[,] and draw reasonable inferences from the evidence presented." *In re Sale of Real Estate by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 312 n.3 (Pa. Cmwlth. 2011); *see also In re Petition to Set Aside Nomination Petition* (Pa. Cmwlth., No. 367 C.D. 2015, filed April 17, 2015), slip op. at 19 (applying this standard to an election matter).[9] "The trial court is free to believe all, part or none of the evidence." *In re Petition to Set Aside Nomination Petition*, slip op. at 19 (citing *Commonwealth v. Begley*, 780 A.2d 605, 619 (Pa. 2001)). Accordingly, we vacate the trial court's Order dismissing the Petition to Set Aside and remand the matter for Objectors to present their Motion, and any evidence in support thereof, to the trial court for a determination as to whether the Petition to Set Aside should be accepted *nunc pro tunc*.

We now turn to Objectors' claims that they were deprived of due process when they did not have any opportunity to present evidence and argument in support of the Petition to Set Aside. As Objectors acknowledge, they have the

---

[9] This case is cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

burden of proving that the SOFIs are defective.  25 P.S. § 2937; *In re Beyer*, 115 A.3d 835, 836, 838 (Pa. 2015) (holding objectors have the burden of proving defects in election cases).  However, our review of the transcript reveals that Objectors were not provided a meaningful opportunity to present evidence or argument in order to attempt satisfy their burden of proof.

At the outset, it does not appear in the record that anyone was sworn in, even though Candidate did answer the trial court's questions.  Moreover, after explaining what **it** thought the primary objection was, the lack of information in Block 10, the trial court called Objectors forward and told them that it was "not going to sustain [their] petitions.  I am telling you that right now, either one of them."  (Hr'g Tr. at 3.)  The trial court then briefly discussed with Candidate the defect in Block 10 of the SOFI, which it determined was amendable.[10]  Only after this discussion did Objector Herbert have the opportunity to address the Court, arguing that there was a fatal defect in the SOFI due to there being no documentation that it had been timely filed with the Borough.  (*Id.* at 4.)  The trial court rebuffed Objector Herbert, telling him to "Forget it," that the lack of documentation was "on West Reading" not Candidate, and that it was dismissing the Petition to Set Aside.  (*Id.*)  These statements by Objector Herbert were the only time either he or Objector Thompson spoke at the proceeding, and this occurred after the trial court had twice told them that it was dismissing their Petition to Set Aside.  This cannot be said to have been a **meaningful** opportunity to be heard as required by procedural due process.  Because Objectors were not given a meaningful opportunity to be heard and present evidence in order for them

_____

[10] The trial court is correct that, if Candidate's SOFIs were timely-filed with the Borough, the defects contained within that document are amendable.  *Paulmier*, 937 A.2d at 445.

15

to attempt to satisfy their burden of proof on the Petition to Set Aside, on remand, the trial court shall provide Objectors an opportunity to present their evidence as to the untimeliness of the SOFIs and for Candidate to present evidence in response, if necessary.[11,12]

For these reasons, the trial court's Order is vacated, and the matter is remanded for the trial court to hold a new hearing at which evidence will be taken on Objectors' claims regarding their entitlement to *nunc pro tunc* relief and the merits of the Petition to Set Aside. The trial court shall then issue a new determination regarding Objectors' claim that the Petition to Set Aside be accepted *nunc pro tunc* and the date Candidate filed his SOFIs with the Borough.[13] Additionally, because we are remanding the matter for further proceedings and the creation of a new record, Objector Thompson's Notice of Objection is dismissed as moot.

---

[11] The Board questions whether a petition to set aside can be filed pursuant to Section 977 of the Election Code where, as here, the candidate has not filed a nomination petition or nomination paper. However, given our disposition, we will not address this issue.

[12] Because we vacate and remand this matter for further proceedings, we will not address Objectors' remaining arguments relating to the alleged *ex parte* communication between the trial court and opposing counsel, to the trial court's alleged too narrow interpretation of Section 977 of the Code, or its alleged disregard of the two-filings requirement of Section 1104(b) of the Ethics Act. Additionally, having concluded that the trial court's Order must be vacated and the matter remanded, we deny Candidate's request for attorney's fees based on the allegation that Objectors' appeal was frivolous.

[13] Because of the short time frames associated with election matters, even if the trial court determines that *nunc pro tunc* relief is not warranted, it should still address the merits of the Petition to Set Aside for the purposes of judicial economy and to ensure that this matter can be resolved in its entirety as expeditiously as possible.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: The Nomination Papers of : 
David Amato as Candidate for : 
Member of Council Borough of : 
West Reading : 
 : 
Appeal of: Oswald Herbert and :   No. 1138 C.D. 2017
Suzanne Thompson : 

# O R D E R

**NOW**, September 14, 2017, the Order of the Court of Common Pleas of Berks County (trial court), is **VACATED**. The matter is **REMANDED** for proceedings consistent with this opinion. The trial court is directed to hold the new hearing and issue a final order and an opinion that includes findings of fact and conclusions of law within 10 days of the date of this Order. Any aggrieved party may file an appeal within 10 days of entry of the trial court's order. Suzanne Thompson's "Notice of Objection to Notes of Testimony" is **DISMISSED AS MOOT**. David Amato's request for attorney's fees and costs is **DENIED**.

Jurisdiction is relinquished.

 

 

                                 _____
                                 **RENÉE COHN JUBELIRER,** Judge