J-S28022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: L.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 314 MDA 2020 |

Appeal from the Order Entered January 29, 2020
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s): 2019-00451,
CP-36-DP-0000224-2017

| | | |
|---|---|---|
| IN RE: L.A.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 330 MDA 2020 |

Appeal from the Decree Entered January 29, 2020
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s): 2019-00451

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 07, 2020**

Appellant, A.P. (hereinafter "Father"), appeals from the decree entered

on January 29, 2020, which granted the petition filed by the Lancaster County

Children and Youth Social Service Agency (hereinafter "the Agency") to

terminate Father's parental rights to his minor child, L.P. a/k/a L.A.P. (a male born in October 2017) (hereinafter "Child").[1]  We affirm.

In October 2017, Child was born premature at Reading Hospital, in Berks County, Pennsylvania; Child was born addicted to opiates and suffering from neonatal abstinence syndrome.  ***See*** Petition for Temporary Custody, 10/13/17, at 1.  As a result, on October 13, 2017, the Agency filed a petition for temporary custody and, on October 31, 2017, the trial court adjudicated Child dependent, pursuant to 42 Pa.C.S.A. § 6302(1).  ***See*** 42 Pa.C.S.A. § 6302(1) (defining "dependent child" as "a child who . . . is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals").

On June 4, 2019, the Agency filed a petition to terminate Mother and Father's parental rights to Child.  As the trial court explained:

> The [trial court] held a hearing on the Agency's termination of parental rights petition on October 24, 2019.  At that time, Father, by counsel, presented [a] motion to dismiss [the dependency and termination of parental rights actions for lack of subject matter jurisdiction]. . . . [Father electronically filed the motion to dismiss] the next day (October 25, 2019) with the clerk of courts.

Trial Court Opinion, 1/24/20, at 2 (some capitalization omitted).

---

[1] Also on January 29, 2020, the trial court terminated the parental rights of L.I.L. (hereinafter "Mother") to Child.  Mother did not file a notice of appeal from this decree and she is not a party to this appeal.

Within Father's motion to dismiss, Father claimed that the Court of Common Pleas of Lancaster County did not possess subject matter jurisdiction over the dependency or the termination of parental rights action because Mother and Father live in Berks County, Pennsylvania and Child was born in Berks County. *See* Father's Motion to Dismiss, 10/25/19, at 1-5. Father requested that the trial court enter an order dismissing both actions for lack of subject matter jurisdiction. *Id.* at 5.

The Agency opposed Father's motion to dismiss and argued that: the Court of Common Pleas of Lancaster County possesses subject matter jurisdiction over the actions because the courts of common pleas have unlimited original jurisdiction over all proceedings in this Commonwealth, unless otherwise provided by law; Father was confusing subject matter jurisdiction with venue; and, "[a]ny objection to venue was waived long ago because it was not raised prior to the adjudication as required under the Juvenile Rules of Procedure." The Agency's Brief in Opposition, 11/19/19, at 4-10.

Following the Agency's brief in opposition, Father filed a reply brief and specifically argued: "[Father's counsel] does not recall ever bringing the issue of venue before th[e trial] court (it would be moot to do so as venue was waived after the adjudicatory hearing was held October 24, 2017). [Father's counsel is] limiting [Father's] argument to that of jurisdiction." Father's Reply Brief, 12/4/19, at 2.

J-S28022-20

On January 24, 2020, the trial court denied Father's motion to dismiss. Trial Court Order, 1/24/20, at 1. The trial court then granted the Agency's petition to terminate Father's parental rights to Child on January 29, 2020. Trial Court Order, 1/29/20, at 1.

Father filed a timely notice of appeal.[2] He raises one claim to this Court:

> Whether the [trial] court erred in its order dated January 24, 2020, that denied [Father's] motion to dismiss the dependency action, and by extension, the termination of parental rights regarding [Child] due to lack of subject matter jurisdiction and/or venue[?]

Father's Brief at 14 (some capitalization omitted).[3]

_____

[2] Father's statement of errors complained of on appeal raised one claim:

> The Juvenile Court erred in its order dated January 22, 2020, that the [Agency] had met its burden in proving that Lancaster County, not Berks County, Court of Common Pleas had subject matter jurisdiction.

Father's Concise Statement, 2/20/20, at 1 (some capitalization omitted).

[3] We initially filed our memorandum in this case on July 8, 2020. However, after we filed our memorandum, Father filed an application for reargument and noted that our memorandum dealt exclusively with the issue Father briefed at docket number 314 MDA 2020, regarding the subject matter jurisdiction of the courts of common pleas. According to Father, our memorandum mistakenly failed to address the issue he raised in a separate and consolidated brief – concerning docket number 330 MDA 2020 – where he claimed that the trial court erred "in deciding the Agency had met its burden and that [Father's] parental rights should be terminated when he was making substantial progress." **See** Father's Application for Reconsideration, 7/15/20, at 1-3.

We granted panel reconsideration to clarify that no separate brief was filed at docket number 330 MDA 2020, no separate brief deals with any issue

- 4 -

At the outset, we note that in his appellate brief, Father argues that the trial court erred when it failed to transfer the case to Berks County, on the basis of improper venue. *See id.* at 14 and 19. This claim of error is waived, as Father did not raise the claim in his concise statement of errors complained of on appeal and, at the trial level, Father expressly disclaimed any objection to venue. *See* Father's Concise Statement, 2/20/20, at 1 (limiting his challenge to that of subject matter jurisdiction); Father's Reply Brief, 12/4/19, at 2 ("[Father's counsel] does not recall ever bringing the issue of venue before th[e trial] court (it would be moot to do so as venue was waived after the adjudicatory hearing was held October 24, 2017). [Father's counsel is] limiting [Father's] argument to that of jurisdiction"). Any claim on appeal relating to venue is thus waived. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also In re M.Z.T.M.W.*, 163 A.3d 462, 465-466 (Pa. Super. 2017) (in a termination of parental rights case, holding that the mother had waived her appellate claims because they were not

---

regarding docket number 330 MDA 2020, and no separate brief deals with any claim that the trial court erred "in deciding the Agency had met its burden and that [Father's] parental rights should be terminated when he was making substantial progress." *See id.* Instead, our appellate docket reflects that Father filed multiple copies of the same brief – concerning docket number 314 MDA 2020 – and that Father raised only one issue on appeal: "Whether the [trial] court erred in its order dated January 24, 2020, that denied [Father's] motion to dismiss the dependency action, and by extension, the termination of parental rights regarding [Child] due to lack of subject matter jurisdiction and/or venue[?]" Father's Brief at 14 (some capitalization omitted).

included in her concise statement of errors complained of on appeal and were not adequately developed in her appellate brief). Therefore, our review in this case is limited to Father's claim that the trial court did not possess subject matter jurisdiction over the action. **See** Father's Brief at 14.

Father's challenge to the trial court's subject matter jurisdiction is a pure question of law. **S.K.C. v. J.L.C.**, 94 A.3d 402, 406 (Pa. Super. 2014). As such, "our standard of review is *de novo* and our scope of review is plenary." **Stapas v. Giant Eagle, Inc.**, 198 A.3d 1033, 1037 (Pa. 2018).

As our Supreme Court has explained, "[s]ubject matter jurisdiction concerns the competency of the court to determine controversies of the **general class** to which the case presented for its consideration belongs." **In re Nomination Petition of deYoung**, 903 A.2d 1164, 1168 (Pa. 2006) (quotations and citations omitted) (emphasis in original). It is uncontested that jurisdiction to hear and determine dependency and termination of parental rights actions is vested in the courts of common pleas. **See** 42 Pa.C.S.A. § 931(a) (providing that, except where otherwise specified by statute or rule, "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings"); **In re N.W.**, 859 A.2d 501 (Pa. Super. 2004) (discussing the fact that the courts of common pleas possess original jurisdiction over dependency and termination of parental rights actions).

In this case, the dependency and termination of parental rights actions were brought and decided in the Lancaster County Court of Common Pleas,

which was competent to determine controversies in these general classes. As such, the Lancaster County Court of Common Pleas had subject matter jurisdiction over these actions and Fathers' claim on appeal thus fails.[4]

Decree affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020

---

[4] To the extent Father claims that the Lancaster County Court of Common Pleas did not have subject matter jurisdiction over the action because the Agency did not have standing to initiate the dependency or termination of parental rights actions, Fathers' claim fails. ***See In re Nomination Petition of deYoung***, 903 A.2d at 1168 ("[s]ubject matter jurisdiction concerns the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs. . . . Whether a party has standing to maintain an action is not a jurisdictional question") (quotations and citations omitted); ***In re Adoption of Z.S.H.G.***, 34 A.3d 1283 (Pa. Super. 2011) (applying ***deYoung*** in the context of a challenge to termination of parental rights and adoption decrees).